IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH L. ELY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-08-3104 |
| | * | |
| SCIENCE APPLICATIONS | * | |
| INTERNATIONAL CORPORATION, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM OPINION**

Plaintiff brought this action against Defendant for breach of contract related to the lease of Plaintiff's property. Currently pending before the Court are Defendant's Motion for Partial Summary Judgment (Doc. No. 23), and Plaintiff's Cross-Motion for Partial Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure (Doc. No. 25). The Court has reviewed the parties' filings with respect to the instant motions, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the court will GRANT Defendant's Motion for Partial Summary Judgment and DENY Plaintiff's Cross-Motion for Partial Summary Judgment.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of a dispute over rental payments. Plaintiff Joseph Ely ("Ely") is the general partner of Ely Real Estate Limited Partnership ("ERELP"). In February 1999, under the Original Lease Agreement, Ely leased 5,000 square feet of commercial office space to Applied Ordnance Technology, Inc. ("AOT") at a rate of $5,000 per month. The parties amended the

lease three times between February 1999 and June 2000, and after the final addendum in June 2000, the total area Ely leased to AOT was 10,000 square feet, at a rate of $10,000 per month.

AOT paid the monthly rent of $10,000 through March 2002. In April 2002, AOT began to tender only $5,000 per month, and continued to pay this sum through October 2003. From November 2003 through January 2006, AOT paid $7,200 per month in rent. Despite the fact that Ely believed that AOT had not yet paid the rent in arrears due under the Original Lease Agreement and addenda, the two entities entered into a new lease agreement in February 2006. Six months later, Science Applications International Corporation ("SAIC") acquired AOT. As a result of this merger, SAIC became liable for the existing debts of AOT.

On November 19, 2008, Ely filed suit in this Court alleging that Defendant owed $170,600 in rent, $23,000 in late fees, and $19,800 in repair costs. Defendant moved to dismiss the complaint on the ground that relief was barred by the applicable statute of limitations, but the Court denied that motion. (Doc. No. 4.) Now pending before the Court are cross-motions for partial summary judgment.

## II.  STANDARD OF REVIEW

Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (internal

citations omitted). However, the party who bears the burden of persuasion on a particular claim must present legally sufficient evidence to support each element of his claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### III. ANALYSIS

#### A. Defendant's Motion for Partial Summary Judgment

SAIC seeks partial summary judgment on two grounds: (1) that there is no genuine issue of fact as to whether Ely's claims for rent between April 2002 and November 2005 are untimely under the three-year statute of limitations provided by § 5-101 of the Courts and Judicial Proceedings Article; and (2) that Ely can offer no evidence that the parties intended to waive the applicable statute of limitation. In response, Plaintiff asserts (1) that the parties intended to waive the three-year statute of limitations, and (2) that even if the applicable statute of limitations is to be applied, Plaintiff's entire claim falls within the statutory period because the cause of action for the entire amount due under the lease accrues with each successive breach. The Court will address each issue separately.

### 1. <u>Waiver</u>

SAIC argues that the three-year statute of limitations established by § 5-101 of the Courts and Judicial Proceedings Article applies in the instant case because Ely can offer no evidence that the parties intended to create a specialty so as to waive its application. Under Maryland law, parties to a contract may waive an applicable statute of limitations. *Tipton v. Partners Mgmt. Co.*, 773 A.2d 488, 490 n.3 (Md. 2001). A waiver "may result from an express agreement or be inferred from circumstances." *Myers v. Kayhoe*, 892 A.2d 520, 530 (Md. 2006). A "specialty" is defined as a "promissory note or other instrument under seal; bond, except a public officer's bond; judgment; recognizance; contract under seal; or any other specialty." Md. Code, Cts. & Jud. Proc. § 5-102.

Whether or not the parties intended to waive the applicable statute of limitations is a mixed question of fact and law that this Court declined to address in its denial of Defendant's Motion to Dismiss. (*See* Doc. No. 10 at 6.) In his complaint, Plaintiff alleges that AOT performed the original lease and all subsequent addenda "under seal." This fact, Plaintiff asserts, is sufficient to show that the parties intended to create a specialty to waive the applicable period of statutory limitation. In *President of Georgetown College v. Madden*, this Court held that in determining whether or not a document was under seal and thus a specialty, "the intent of the parties is what controls." 505 F. Supp. 557, 585 (D. Md. 1980). "The combined use of the word '(Seal)' and [the impression of a corporate seal] should be considered insufficient by themselves to manifest an intent to render the contract under seal, particularly where such use of the word and of such impressions would serve no purpose other than to extend the statute of limitations." *Id.* at 587; *see also Mayor & Council of Federalsburg v. Allied Contractors, Inc.*, 338 A.2d 275,

279 (Md. 1975) ("If a corporate seal is impressed on an agreement it will remain a simple contract unless . . . the body of the contract itself indicates that the parties intended to establish an agreement under seal."). The *Tipton* court subsequently stated that in most cases, the affixation of a seal is not sufficient evidence of the parties' objective intent so as to constitute a waiver of the period of statutory limitation. *Tipton*, 773 A.2d at 490 n.3. Absent any indication in the body of the contract that the parties intended to create a specialty so as to waive the statute of limitations, other extrinsic evidence of intent to create a specialty is required. *Id.*

There is no such evidence in the case at bar. While the word "SEAL" appears in parentheses next to the signature lines on the lease and the addenda, there is no indication that either party affixed a corporate seal, and Plaintiff has failed to demonstrate or allege that either party did so. Furthermore, there is no indication in the body of the lease or the addenda that either party intended that it be sealed so as to waive the three-year period of statutory limitation. Plaintiff also fails to provide any extrinsic evidence of the parties' intent, though he argues in his opposition to Defendant's Motion for Partial Summary Judgment that his failure to do so is the result of Defendant's repeated failure to make available a knowledgeable witness to be deposed pursuant to Federal Rule of Civil Procedure 30(b)(6). While Plaintiff states that he will "by separate motion ask the Court to prevent SAIC from offering any evidence, or relying on Plaintiff's inability to produce evidence, as to the understanding or intent of the contracting parties that cannot be ascertained from the Lease Agreement," no such motion has been filed. (Doc. No. 25 at 2.)

In contrast, there *is* affirmative evidence in the record that neither party intended to waive the applicable statute of limitations in the deposition testimony of Ely and Gillian Green, Ely's

consultant. (*See* Doc. No. 23, Ex. A at 18; Doc. No. 23, Ex. B at 26.) Ely acknowledged in his testimony that the parties first discussed the statute of limitations in May 2006 when Ely initially demanded payment years after the first breach.

Having reviewed the evidence, the Court agrees that Plaintiff has failed to provide sufficient proof that a genuine issue of material fact exists as to whether or not the parties waived the three-year period of statutory limitation. As a result, the Court will grant summary judgment to Defendant on the issue of waiver.

### 2. Date of Accrual

As there is no genuine issue of material fact as to whether the parties waived the statute of limitations, this Court must determine whether Plaintiff's claim falls outside the three-year period of statutory limitation provided by § 5-101. SAIC argues that the rental payments Plaintiff seeks in this case were installment payments, and Plaintiff's claims for arrearages and late fees accrued on the dates that each installment came due rather than on the day the cumulative arrearage came due. The lease provides that rent is due "in monthly installments" that are "payable on the first of each and every lease month during the said term." (See Doc. No. 23, Ex. D at 2.) As Plaintiff filed this action on November 19, 2008, Defendant argues that any rental fees that were due prior to November 19, 2005, are time-barred.

Defendant cites *Avery v. Weitz* for the proposition that with a contract requiring payment in installments such as that at issue in this case, the statute of limitations begins to run on each rental payment when that particular installment is due. 407 A.2d 769, 771 (Md. Ct. Spec. App. 1979) (holding that unpaid installments on promissory note which accrued before period of statutory limitation were barred). In contrast, Plaintiff contends that the lease and addenda

6

constituted a contract for continuing services, and cites to *Singer Co., Link Simulation Systems Division v. Baltimore Gas & Elec. Co.* for the proposition that with a contract for continuing performance, each breach triggers a new period of statutory limitation for the *entire amount* then due under the contract. 558 A.2d 419, 425-26 (Md. Ct. Spec. App. 1989) (holding that three-year statute of limitations on claims by customer against utility for breach of contractual obligation to supply electricity began running anew after each power outage rather than accruing immediately after initial breach). Defendant's last breach occurred on January 6, 2006, and thus, Ely's entire claim in this case would remain viable until January 6, 2009, under Plaintiff's theory.

The Court believes the obligation to pay successive rental installments is more analogous to the installment payments due under the promissory note in *Avery* than the ongoing obligation to supply electricity in *Singer*. *Compare Avery*, 407 A.2d at 771 *with Singer*, 558 A.2d at 425-26. But in any case, the *Singer* Court held that the statute of limitation restarted only for the specific breaches that occurred within the limitations period and not for the entire claim. *Id.* ("[A]ny damage claims resulting from breaches which occurred within the limitations period [a]re not time-barred."). Thus, the court in *Singer* only allowed recovery for breaches occurring within the limitations period, specifically noting that the Plaintiff in that case had only asserted claims from breaches and the resulting damages that occurred within the three years prior to the filing of the suit. *Id.* at 426. Thus, each breach tolled the statute of limitations only for that specific breach. As such, any damages that resulted from breaches prior to the three-year period preceding the initiation of this suit are barred.

Plaintiff also cites *Vigilant Ins. Co. v. Luppino* to argue that this contract falls under Maryland's "continuation of events" exception for cases where compensation is sought for

breach of a contract for services rendered over a period of time. *See Vigilant Ins. Co. v. Luppino*, 723 A.2d 14, 18 (Md. 1999). The *Vigilant* court stated that "[t]he general rule seems . . . settled that in the computation of the statutory period, in cases where there is an undertaking which requires a continuation of services, . . . the statute begins to run only from the time the services can be completed." *Id*. However, the continuation of events theory is generally only applicable in cases where a fiduciary relationship exists between the parties. *See, e.g., Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1107 (Md. 2004) (applying the continuation of events theory in an action brought against government contractor by subcontractor alleging, *inter alia*, breach of fiduciary duty); *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963, 976 (Md. 2000) (applying the continuation of events theory in a legal malpractice action). The underlying rationale is that "a relationship which is built on trust and confidence generally gives the confiding party the right to relax his or her guard and rely on the good faith of the other party so long as the relationship continues to exist." *Brown & Sturm*, 756 A.2d at 974-75. No such fiduciary relationship exists between the parties in the case at bar. *See MacBride v. Pishvaian*, 937 A.2d 233 (Md. 2007) (holding that absent special circumstances that indicate otherwise, the landlord-tenant relationship is a contractual relationship and not a fiduciary one).

However, even if such a relationship existed here, the statute of limitation would toll when an event occurred that would alert an injured party that there had been a breach. *Brown & Sturm*, 756 A.2d at 974-95. Ely was aware of AOT's first insufficient rental payment in April of 2002, and could have brought suit at any point thereafter until the end of the statutory period. As such, the continuation of events theory is not applicable in the instant case.

Plaintiff next argues that all of the rent in arrears that he seeks falls within the three-year

statutory limit because the terms of the lease provide that each monthly installment of rent will be applied to the earliest outstanding arrearage, thus creating one total outstanding debt that accrued and triggered a new statute of limitations on January 6, 2006, the date of Defendant's last payment. While Ely's practice of allocating payments to the earliest outstanding balance delays the date the rent accrues for accounting purposes, for the purpose of determining the timeliness of a cause of action, rent accrues when it becomes payable. *See Lochner v. Martin*, 147 A.2d 749, 752 (Md. 1959) ("[Rent] accrues on the day it is payable."); *see also Real Estate Bd. of Balt. v. Page*, 165 A. 701, 702 (Md. 1933) (holding that rent becomes a payable debt when the time stipulated for payment arrives). Plaintiff has cited no authority to the contrary. Accordingly, the Court finds that the three-year statute of limitations was triggered as to each successive rental installment on the day each rental payment was due. The lease provides that rent is payable "in monthly installments" and "payable on the first of each and every lease month." (Doc. No. 23, Ex. D at 2.) As such, a new statute of limitations was triggered as to each specific rental arrearage on the day that rent was due (the first of every month), thus initiating a three-year period during which a claim for that specific arrearage would be timely.

Plaintiff initiated this action on November 19, 2008, for the total amount of rent in arrears for the months of April 2002 through January 2006. Plaintiff was aware that Defendant had breached the terms of the lease in April of 2002. Thus, all rental arrearages that accrued prior to November 19, 2005, are untimely. Thus, the Court will grant summary judgment to Defendant, and finds that Plaintiff's claims for the rent that came due prior to November 19, 2005, are barred by the three-year statute of limitations under § 5-101.

### B. Plaintiff's Cross-Motion for Partial Summary Judgment

Ely argues that he is entitled to partial summary judgment on the issue of whether or not the parties waived the applicable statute of limitations, and alternatively on whether his claims for the rental arrearages accrued between April 2002 and January 2006 were timely filed. As discussed in the foregoing analysis, the Court finds that Plaintiff's claims for past rent that came due prior to November 19, 2005, are untimely and barred by the applicable statute of limitations. Therefore, the Court denies Ely's Cross-Motion for Partial Summary Judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court will GRANT Defendant's Motion for Partial Summary Judgment and DENY Plaintiff's Cross-Motion for Partial Summary Judgment. A separate Order will follow.

| | |
|---|---|
| June 7, 2010 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |